**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

EDBERTO NUNEZ on behalf
himself and on behalf of all others similarly situated,

    Plaintiff,

v().                                                     CASE NO.:  8:15-cv-2533-T-30TBM

N-E-WHERE TRANSPORT, INC.,

    Defendant.
    _____/

**DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

Defendant, N-E-WHERE TRANSPORT, INC. ("Defendant"), by its undersigned attorneys, answers the Complaint filed by Plaintiff, EDBERTO NUNEZ, and states:

1.  Defendant admits that Plaintiff brings this action pursuant to the Fair Labor Standards Act, and Plaintiff filed a collective action.  Defendant denies that Plaintiff is entitled to recovery for any alleged unpaid wages, compensation, costs, fees, damages, or any other form of relief.  Defendant denies that Plaintiff is entitled to bring a collective action on behalf of any worker or alleged employee in the past 3 years, and Defendant denies that it violated laws, including the FLSA.

2.  Defendant admits that the Court has subject matter jurisdiction over FLSA claims, but denies that Plaintiff is a covered employee under the FLSA and further denies any violations of the FLSA.

3.  Defendant admits that venue is proper to the extent Plaintiff's alleged claims arose in Hillsborough County, Florida.  Defendant is without knowledge and/or denies the

remaining allegations, including the allegations as to "all events giving rise to these claims occurred in Hillsborough County, Florida."

4. Defendant is without knowledge as to Plaintiff's residency.

5. Defendant admits that it provides delivery and transportation services through independent contractors, and Defendant's business is located in Hillsborough County, Florida. Defendant denies or without knowledge as to any other or remaining allegations set forth in paragraph 5.

6. Defendant is without knowledge and/or denies the allegations in paragraph 6.

7. Defendant admits that Plaintiff has retained counsel appearing on behalf of Plaintiff in the Complaint. Defendant is without knowledge as to any payment agreement with Plaintiff's counsel.

8. Defendant admits that Plaintiff has requested a jury trial. Defendant denies that Plaintiff is entitled to a jury trial on the claims set forth in Plaintiff's complaint.

9. Defendant denies the allegations and legal conclusions of paragraph 9. Defendant admits that Plaintiff engaged in driver delivery services as an independent contractor.

10. Defendant admits that Plaintiff is asserting claims on behalf of a putative class. Defendant denies the allegations and legal conclusions related to "similarly situated employees" within the last 3 years. Defendant further denies any violations of law, allegations of similarly situated class members, Plaintiff's alleged entitlement to collective action status, and Plaintiff's alleged recovery for 3 years of damages. Defendant denies or without knowledge as to any other or remaining allegations set forth in paragraph 10.

11. Defendant is without knowledge and/or denies the allegations or legal conclusions in paragraph 11.

12. Defendant denies the allegations or legal conclusions in paragraph 12.

13. Defendant denies the allegations or legal conclusions in paragraph 13.

14. Defendant denies the allegations or legal conclusions in paragraph 14.

15. Defendant denies the allegations or legal conclusions in paragraph 15.

16. Defendant is without knowledge and/or denies the allegations or legal conclusions in paragraph 16, including all times relevant to this action.

17. Defendant admits that its business exceeded $500,000 in terms of transactions with clients or customers. Defendant is without knowledge and/or denies the allegations as to "all times relevant to this action."

18. Defendant denies the allegations or legal conclusions of paragraph 18.

19. Defendant admits that the Defendant did not employ Plaintiff, Members of the Class, and/or other independent contractors that engaged in similar services to Plaintiff. Defendant admits that Plaintiff did not have employment authority to hire or terminate employees for purposes of employment with Defendant, and Defendant did not control Plaintiff's business operations. Defendant denies or is without knowledge as to Plaintiff's remaining allegations or legal conclusions related to Plaintiff and Members of the Class.

20. Defendant denies the allegations and legal conclusions of paragraph 20.

21. Defendant is without knowledge and/or denies the allegations and legal conclusions of paragraph 21, including the terms "directly essential" and "all times material hereto."

22. Defendant admits that Plaintiff started engaging in independent contractor services during July 2011, and Plaintiff last performed such independent contractor services on

or about June 2015.  Defendant is without knowledge and/or denies any other allegations or legal conclusions of paragraph 22.

23. Defendant denies the allegations and legal conclusions in paragraph 23.

24. Defendant is without knowledge as to "various times material thereto" and/or denies the allegations and legal conclusions in paragraph 24.

25. Defendant admits that Plaintiff and others engaged in delivery services as independent contractors and were not employees of Defendant.  Defendant is without knowledge and/or denies any other or remaining allegations and/or legal conclusions of paragraph 25.

26. Defendant denies the allegations and legal conclusions of paragraph 26.

27. Defendant denies the allegations and legal conclusions of paragraph 27.

## COLLECTIVE ACTION ALLEGATIONS

28. Defendant admits that Plaintiff is seeking collective action status.  Defendant denies that (i) Defendant violated the asserted laws in the Complaint, (ii) Plaintiff and/or Members of the Class are entitled to collective action status and notice pursuant to 29 U.S.C. § 216 (b), (iii) Plaintiff has accurately described the putative class, alleged similarly situated employees, and/or scope of the putative class, (iv) Plaintiff or the alleged Members of the Class are covered by the FLSA, and (v) any other or remaining allegations or conclusions of law asserted by the Plaintiff in paragraph 28.

29. Defendant denies the allegations and legal conclusions of paragraph 29.

30. Defendant denies the allegations and legal conclusions of paragraph 30.

31. Defendant denies the allegations and legal conclusions of paragraph 31.

32. Defendant denies the allegations and legal conclusions of paragraph 32.

33. Defendant denies the allegations and legal conclusions of paragraph 33.

34. Defendant denies the allegations and legal conclusions of paragraph 34.

35. Defendant denies the allegations and legal conclusions of paragraph 35.

36. Defendant denies the allegations and legal conclusions of paragraph 36.

37. Defendant denies the allegations and legal conclusions of paragraph 37.

38. Defendant denies the allegations and legal conclusions of paragraph 38.

39. Defendant incorporates its answers to paragraphs 1-38.  Defendant denies the allegations and legal conclusions of paragraph 39.

40. Defendant denies the allegations and legal conclusions of paragraph 40.

41. Defendant denies the allegations and legal conclusions of paragraph 41.

42. Defendant denies the allegations and legal conclusions of paragraph 42.

43. Defendant denies the allegations and legal conclusions of paragraph 43.

44. Defendant denies the allegations and legal conclusions of paragraph 44.

45. Defendant denies the allegations and legal conclusions of paragraph 45.

Defendant denies each and every remaining allegation in the Complaint not specifically admitted.  The "WHEREFORE" clause is merely a prayer for relief which requires neither an admission nor a denial.  Further answering, Defendant denies any allegation or inference that it engaged in any unlawful, illegitimate, wrongful, or impermissible conduct or that Plaintiff or anyone similarly situated to him are entitled to any remedy or relief or damages whatsoever.

46. Defendant incorporates its answers to paragraphs 1-38.  Defendant denies the allegations and legal conclusions of paragraph 46.

47. Defendant denies the allegations and legal conclusions of paragraph 47.

48. Defendant denies the allegations and legal conclusions of paragraph 48.

49. Defendant denies the allegations and legal conclusions of paragraph 49.

50. Defendant denies the allegations and legal conclusions of paragraph 50.

51. Defendant denies the allegations and legal conclusions of paragraph 51.

52. Defendant denies the allegations and legal conclusions of paragraph 52.

Defendant denies each and every remaining allegation in the Complaint not specifically admitted. The "WHEREFORE" clause is merely a prayer for relief which requires neither an admission nor a denial. Further answering, Defendant denies any allegation or inference that it engaged in any unlawful, illegitimate, wrongful, or impermissible conduct or that Plaintiff or anyone similarly situated to him are entitled to any remedy or relief or damages whatsoever.

## AFFIRMATIVE DEFENSES

Defendant hereby states the following affirmative defenses to the Complaint, but does not assume the burden of proof on any such defenses except as required by applicable law with respect to the particular defense asserted. "Plaintiff" referenced below refers to the named Plaintiff in the Complaint, any "Opt In" Plaintiff, and any putative member of the putative class. Defendant further reserves the right to assert other affirmative and additional defenses and/or otherwise to supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

1. The Complaint, and each alleged claim for relief therein, fails in whole or in part, to state a claim upon which relief may be granted.

2. Plaintiff is an independent contractor and is not covered by the FLSA.

3. Plaintiff received all compensation owed to him from Defendant.

4. Plaintiff fails to meet his burden of proof that he worked without being lawfully paid by Defendant and/or Plaintiff fails to his burden of proof for recovering the amount of alleged unpaid wages and damages that he seeks in the Complaint.

5. Plaintiff fails to satisfy the prerequisites and burden of proof for certification of a collective action.

6. Defendant did not have knowledge of the alleged unpaid work and/or Defendant justifiably relied on the time recording of Plaintiff.

7. Plaintiff's claims are barred, in whole or in part, because Plaintiff did not sustain any injury or damage by reason of any act or omission of Defendant. Plaintiff falsified or incorrectly submitted time records and/or failed to notify Defendant of the alleged unpaid wages.

8. Plaintiff, and every person on whose behalf relief is sought, have not been damaged in the sums or manner alleged, or in any sum or manner, or at all. Plaintiff, and every person on whose behalf relief is sought, have been paid all amounts to which he or they may be lawfully entitled.

9. Plaintiff is not entitled to liquidated damages or three (3) years of damages. Any act or omission alleged to have given rise to Plaintiff's Complaint in this action was in good faith and based on a reasonable belief that Defendant was in compliance with applicable wage and hour requirements. Defendant did not willfully or intentionally fail to pay the alleged wages and/or there is a bona fide dispute as to whether additional wages are owed.

10. Some or all of the damages sought are *de minimus* and/or precluded by gap time, and therefore are not recoverable.

11. Some or all of the claims against Defendant fail due to statutory exemptions, FLSA exemptions, or exemptions pertaining to motor carriers, and/or Defendant is not subject to the laws pursuant to which the claims are brought.

12. Plaintiff's claims are or may be barred in whole or in part by laches or by the applicable statutes of limitations.

13. Plaintiff's claims are or may be barred in whole or in part by the doctrines of estoppel or unclean hands.

14. Plaintiff's claims are or may be barred in whole or in part by the doctrines of accord and satisfaction, payment, release, or failure of consideration.

15. The alleged unpaid activities do not constitute compensable work and/or were not an integral and indispensible part of the principal activities of employment.

16. Plaintiff's claims for liquidated damages and interest (to the extent claimed by Plaintiff) are barred in that these forms of relief are duplicative of each other.

17. Defendant is entitled to a set-off with respect to any monies paid for any hours when Plaintiff was not performing work for Defendant and/or to the extent Defendant overpaid for work activities.

## **DEFENDANT'S PRAYER FOR RELIEF**

WHEREFORE, Defendant prays as follows:

1. That Plaintiff and the putative members of the purported Plaintiff class take nothing by the Complaint;

2. That the Complaint be dismissed in its entirety with prejudice and without costs or fees of any kind to awarded to Plaintiff or any putative member of the purported class;

3. That Defendant recover its costs of suit incurred herein, including reasonable attorneys' fees; and

4. That Defendant receive such other and further relief as the Court may deem just and proper.

## COUNTERCLAIM

N-E-WHERE TRANSPORT, INC, by its undersigned attorneys, hereby sues, EDBERTO NUNEZ ("NUNEZ"), and states as follows:

1. This is an action for damages exceeding $15,000.00, exclusive of interest, attorneys' fees and costs.

2. N-E-WHERE TRANSPORT, INC. is a Florida Corporation with a principal address located at 3808 East Dr. Martin Luther King Boulevard, Tampa, Hillsborough County, Florida 33610.

3. Upon information and belief, NUNEZ is a resident of Hillsborough County, Florida.

### COUNT I
### (Fraudulent Misrepresentation)

4. N-E-WHERE TRANSPORT, INC. incorporates by reference the allegations contained in paragraphs 1 through 3 above as if set forth herein.

5. On or about July 19, 2011, N-E-WHERE TRANSPORT, INC. and NUNEZ entered into a Contractor Agreement whereby NUNEZ agreed to provide driving, delivery, and courier services as an independent contractor on behalf of N-E-WHERE TRANSPORT, INC.

6. Pursuant to the Contractor Agreement, NUNEZ was required to provide and utilize his own vehicle in connection with driving, delivery, and courier services performed by him under the Contractor Agreement.

7. Rather than use his own vehicle, on occasion NUNEZ requested to utilize vehicles owned by N-E-WHERE TRANSPORT, INC. while performing driving, delivery, and courier services pursuant to the Contractor Agreement due to size or nature of the cargo being delivered.

8. In reliance on NUNEZ's assurances that his use of its vehicles was exclusively in furtherance of his performance of driving, delivery, and courier services under the Contractor Agreement, N-E-WHERE TRANSPORT, INC. granted permission to NUNEZ for use its vehicles.

9. Despite his assurances that the use of N-E-WHERE TRANSPORT, INC.'s vehicles was solely for deliveries made under the Contractor Agreement for which he was compensated, NUNEZ instead utilized the vehicles and resources of N-E-WHERE TRANSPORT, INC. to engage in driving, delivery and courier services of for other individuals and entities not affiliated with N-E-WHERE TRANSPORT, INC.

10. The aforementioned use of vehicles and resources of N-E-WHERE TRANSPORT, INC. by NUNEZ for activities outside the scope of the Contractor Agreement was accomplished without the knowledge or consent of N-E-WHERE TRANSPORT, INC.

11. NUNEZ made fraudulent misrepresentations regarding his intended use of N-E-WHERE TRANSPORT, INC.'s vehicles in order to improperly take compensation and resources of N-E-WHERE TRANSPORT, INC. for the benefit of himself and others, and to the detriment of N-E-WHERE TRANSPORT, INC.

12. As a result of the fraudulent misrepresentations by NUNEZ and consequent misappropriation of assets and resources, N-E-WHERE TRANSPORT, INC. has been damaged.

WHEREFORE, N-E-WHERE TRANSPORT, INC. demands that judgment be entered against NUNEZ for damages, plus interest, including prejudgment interest, costs, and such other relief as this Court deems just and proper in this matter.

## COUNT II
### (Conversion)

13.   N-E-WHERE TRANSPORT, INC. incorporates by reference the allegations contained in paragraphs 1 through 3 above as if set forth herein.

14.   On or about July 19, 2011, N-E-WHERE TRANSPORT, INC. and NUNEZ entered into a Contractor Agreement whereby NUNEZ agreed to provide driving, delivery, and courier services as an independent contractor on behalf of N-E-WHERE TRANSPORT, INC.

15.   Pursuant to the Contractor Agreement, NUNEZ was required to provide and utilize his own vehicle in connection with the driving, delivery, and courier services performed by him under the Contractor Agreement.

16.   Rather than use his own vehicle, on occasion NUNEZ requested to utilize vehicles owned by N-E-WHERE TRANSPORT, INC. while performing driving, delivery, and courier services pursuant to the Contractor Agreement due to size or nature of the cargo being delivered.

17.   In reliance on NUNEZ's assurances that his use of its vehicles was exclusively in furtherance of his performance of driving, delivery, and courier services under the Contractor Agreement, N-E-WHERE TRANSPORT, INC. granted permission to NUNEZ for use its vehicles.

18.   Despite his assurances that the use of N-E-WHERE TRANSPORT, INC.'s vehicles was solely for deliveries made under the Contractor Agreement for which he was compensated, NUNEZ instead utilized the vehicles and resources of N-E-WHERE TRANSPORT, INC. to engage in driving, delivery and courier services of for other individuals and entities not affiliated with N-E-WHERE TRANSPORT, INC.

19. The aforementioned use of vehicles and resources of N-E-WHERE TRANSPORT, INC. by NUNEZ for activities outside the scope of the Contracting Agreement was accomplished without the knowledge or consent of N-E-WHERE TRANSPORT, INC.

20. NUNEZ wrongfully utilized the vehicles and resources of N-E-WHERE TRANSPORT, INC. for his own personal benefit, and to the detriment of N-E-WHERE TRANSPORT, INC.

21. As a result of the wrongful misappropriation and use of its assets and resources by NUNEZ, N-E-WHERE TRANSPORT, INC. has been damaged.

WHEREFORE, N-E-WHERE TRANSPORT, INC. demands that judgment be entered against NUNEZ for damages, plus interest, including prejudgment interest, costs, and such other relief as this Court deems just and proper in this matter.


Dated:  December 8, 2015

Respectfully Submitted,

/s/ Scott Callen
R. Scott Callen, Esq.
Florida Bar No. 0146242
Primary:      Scott.Callen@arlaw.com
Secondary:    Lila@arlaw.com


ADAMS AND REESE LLP
2457 Care Drive
Tallahassee, Florida  32308
Tel:  (850)702-5800
Fax: (850)702-5801

&

LILES GAVIN, P.A.
Michael D. Lee, Esq.
Florida Bar No.: 495336

        Email: mlee@lilesgavin.com
        John A. Carlisle, Esq.
        Florida Bar No.: 0626716
        Email: jcarlisle@lilesgavin.com
        301 W. Bay Street, Suite 1030
        Jacksonville, Florida  32202
        Ph.:     (904) 634-1100
        Fax:     (904) 634-1234
        Secondary email: jostwald@lilesgavin.com

        *Counsel for N-E-WHERE TRANSPORT, INC.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 8, 2015, I electronically filed the foregoing document with the Clerk of the Court using *CM/ECF*.  I also certify that the foregoing document is being served this day on the counsel listed below via transmission of Notices of Electronic Filing generated by *CM/ECF*.

    Brandon J. Hill, Esq.
    Wenzel, Fenton, Cabassa, P.A.
    1110 North Florida Ave. Suite 300
    Tampa, Florida 33602
    Email: bhill@wfclaw.com
    Email: Jriley@wfclaw.com
    *Counsel for Plaintiff*

        By:     /s/ R. Scott Callen
              R. Scott Callen, Esq.