UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDBERTO NUNEZ,

    Plaintiff,

v.                                                                                          Case No: 8:15-cv-2533-T-30TBM

N-E-WHERE TRANSPORT, INC.,

    Defendant.

## ORDER

THIS CAUSE is before the Court on Plaintiff Edberto Nunez's Motion to Dismiss Counterclaims for Lack of Subject Matter Jurisdiction (Dkt. 17), and Defendant's Response (Dkt. 19). The Court has reviewed the motion and response, the complaint and the counterclaims, and the relevant legal authorities. Because Defendant's counterclaims form part of the same case or controversy as the claims raised in Plaintiff's complaint, and because there are otherwise no compelling reasons for the Court to decline supplemental jurisdiction, the Court concludes that the motion should be denied.

### BACKGROUND

Nunez filed this putative collective action against Defendant N-E Where Transport, Inc., Nunez's alleged former employer, for violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*. More specifically, Nunez's complaint alleged that he and other similarly situated individuals were delivery drivers employed by N-E Where and that

N-E Where failed to pay them a minimum wage and overtime as required by the FLSA. (Dkt. 1, p. 1).

N-E Where answered the complaint, claiming that Nunez and his putative class were independent contractors, not employees, and were therefore not covered by the minimum wage and overtime requirements of the FLSA. (Dkt. 10, pp. 2, 3, 4, 5). In the answer, N-E Where also raised the following state-law counterclaims: (1) Fraudulent Misrepresentation and (2) Conversion. The crux of the counterclaims is N-E Where's allegation that Nunez used company vehicles, which he had agreed to use only for N-E Where's business purposes, for other entities and his own personal benefit.

## DISCUSSION

Nunez moves to dismiss the counterclaims on the grounds that this Court lacks subject matter jurisdiction to hear them. The counterclaims, Nunez argues, do not "form part of the same case or controversy under Article III of the United States Constitution." Dkt. 17, p. 2 (citing 28 U.S.C. § 1367(a)). N-E Where counters that they do. The Court agrees.

Counterclaims are "part of the same case or controversy," which 28 U.S.C. § 1367(a) requires for federal district courts to exercise supplemental jurisdiction, if the claims "derive from a common nucleus of operative fact." *Upper Chattahoochee Riverkeeper Fund, Inc. v. City of Atlanta*, 701 F.3d 669, 679 (11th Cir. 2012) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966)). In the Eleventh Circuit, this inquiry is guided by considering "whether the claims

arise from the same facts, or involve similar occurrences, witnesses or evidence." *Hudson v. Delta Airlines, Inc.*, 90 F.3d 451, 455 (11th Cir. 1996) (internal citation omitted).

In this case, based on the complaint and the defenses raised in the answer, the merits of Nunez's FLSA claim will depend on a threshold determination: whether Nunez was an employee, as defined by the FLSA, or an independent contractor. *See Freund v. Hi-Tech Satellite, Inc.*, 185 F. App'x. 782, 784 (11th Cir. 2006) (citing *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 728, 67 S. Ct. 1473, 91 L. Ed. 1772 (1947)). Answering this question will require the Court to receive evidence on "[Nunez's] investment in equipment or materials required for his task," "the degree of permanency and duration of [Nunez's] working relationship," and the "degree of [N-E Where's] control as to the manner in which [Nunez's] work [was] to be performed." *Freund*, 185 F. App'x. at 782 (citing *Secretary of Labor v. Lauritzen*, 835 F.2d 1529, 1535 (7th Cir. 1987)).

This evidence will overlap significantly with the evidence required to support N-E Where's counterclaims. For example, testimony or documentation of Nunez's permanence performing tasks for N-E Where, introduced to prove that Nunez was an "employee" as defined by the FLSA, might be rebutted by testimony or documentation that he performed deliveries for other entities, which is evidence relevant to both N-E Where's independent-contractor defense and its counterclaims. The counterclaims, in other words, arise from the same facts and involve the same evidence. The Court has supplemental jurisdiction over them. *See* 28 U.S.C. § 1367(a); *Hudson*, 90 F.3d at 455.

The Court may nonetheless decline to exercise jurisdiction if one of the following circumstances is met:

3

      (1) the claim raises a novel or complex issue of State law,
      (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
      (3) the district court has dismissed all claims over which it has original jurisdiction, or
      (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

29 U.S.C. § 1367(c). In his motion, Nunez does not argue that one of these factors is present. The Court has not found the presence of one either.

It is ORDERED AND ADJUDGED that Plaintiff's Motion to Dismiss Counterclaims (Dkt. 17) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 11th day of February, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record