UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDBERTO NUNEZ, on behalf of himself
and on behalf of all others
similarly situated,

    Plaintiff,

v.                                                Case No.:  8:15-cv-02533-JSM-TBM

N-E-WHERE TRANSPORT, INC.,

    Defendant.
_____/

**PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES
TO DEFENDANT'S COUNTERCLAIMS**

    Named Plaintiff, EDBERTO NUNEZ ("Plaintiff"), by and through undersigned counsel, hereby answers the Counterclaim filed by Defendant, N-E-WHERE TRANSPORT, INC. on December 8, 2015, and alleges:

    1.    Plaintiff admits that Defendant claims to be seeking damages in excess of $15,000.

    2.    Plaintiff admits that Defendant claims to be a Florida Corporation with a principal address located at 3808 East Dr. Martin Luther King Boulevard, Tampa, Hillsborough County, Florida.

    3.    Plaintiff admits the allegations of paragraph 3.

    4.    Plaintiff admits that Defendant's Answer attempts to incorporate by reference the allegations contained in paragraphs 1 and 3 of its counterclaim.

5. Plaintiff admits to the extent that Plaintiff agreed to provide driving, delivery, and courier services for Defendant. As to any purported contract between Plaintiff and Defendant, the contract speaks for itself. Plaintiff denies any other allegations of paragraph 5.

6. Plaintiff admits to the extent that Plaintiff performed driving, delivery, and courier services for Defendant. As to any purported contract between Plaintiff and Defendant, the contract speaks for itself. Plaintiff denies any other allegations of paragraph 6.

7. Plaintiff admits that on one occasion, with Defendant's permission, he borrowed one of Defendant's vehicles for personal use. Plaintiff denies any other allegations of paragraph 7.

8. As to any purported contract between Plaintiff and Defendant, the contract speaks for itself. Plaintiff denies any other allegations of paragraph 8.

9. Plaintiff denies the allegations and legal conclusions of paragraph 9.

10. Plaintiff denies the allegations and legal conclusions of paragraph 10.

11. Plaintiff denies the allegations and legal conclusions of paragraph 11.

12. Plaintiff denies the allegations and legal conclusions of paragraph 12.

13. Plaintiff admits that Defendant attempts to incorporate by reference the allegations contained in paragraphs 1 and 3 of its counterclaim.

14. Plaintiff admits to the extent that Plaintiff agreed to provide driving, delivery, and courier services for Defendant. As to any purported contract between Plaintiff and Defendant, the contract speaks for itself. Plaintiff denies any other allegations of paragraph 14.

15. Plaintiff admits to the extent that Plaintiff performed driving, delivery, and courier services for Defendant. As to any purported contract between Plaintiff and Defendant, the contract speaks for itself. Plaintiff denies any other allegations of paragraph 15.

16. Plaintiff admits to the extent that Plaintiff performed driving, delivery, and courier services for Defendant using Defendant's vehicles. As to any purported contract between Plaintiff and Defendant, the contract speaks for itself. Plaintiff denies any other allegations of paragraph 16, with the exception of one time when he borrowed a vehicle with Defendant's permission and used it for personal use.

17. Plaintiff denies the allegations in paragraph 17.

18. Plaintiff denies the allegations and legal conclusions in paragraph 18.

19. Plaintiff denies the allegations and legal conclusions in paragraph 19.

20. Plaintiff denies the allegations and legal conclusions in paragraph 20.

21. Plaintiff denies the allegations and legal conclusions in paragraph 21.

Any paragraph of the Counterclaim not specifically admitted herein, is DENIED. Defendant denies each and every remaining allegation in the Complaint not specifically admitted. The "WHEREFORE" clause is merely a prayer for relief which requires neither an admission nor a denial. Further answering, Plaintiff denies any allegation or inference that it engaged in any unlawful, illegitimate, wrongful, or impermissible conduct or that Defendant is entitled to any remedy or relief or damages whatsoever.

## AFFIRMATIVE DEFENSES

Plaintiff hereby states the following affirmative defenses to the Counterclaim, but does not assume the burden of proof on any such defenses except as required by applicable law with respect to the particular defense asserted. Plaintiff further reserves the right to assert other affirmative and additional defenses and/or otherwise to supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

## FIRST AFFIRMATIVE DEFENSE

Defendant's Counterclaim fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

This Court lacks jurisdiction over Defendant's Counterclaim. The issues related to Plaintiff's FLSA claims are not intertwined with Defendant's fraudulent misrepresentation and conversion claims as each claim contains different elements, facts, and relief.

**THIRD AFFIRMATIVE DEFENSE**

Defendant's Counterclaim was filed for the purpose of retaliating against Plaintiff for filing his FLSA claims herein in violation of 29 U.S.C. § 215(a)(3).

**FOURTH AFFIRMATIVE DEFENSE**

Defendant's Counterclaim is improper and, if successful, would result in Plaintiff receiving less than minimum wage for one or more weeks of their employment with Defendant.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant's Counterclaim is barred under the doctrines of estoppel, unclean hands, laches and accord and satisfaction. Defendant has retained monies otherwise due and owing to the Plaintiff and affirmatively represented that said monies held in satisfaction of the claims now asserted.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff, at all times, acted in good faith.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant's claim is barred to the extent that it did not act within a reasonable time.

**EIGTH AFFIRMATIVE DEFENSE**

Defendant's claim is barred to the extent that it failed to take reasonable measures to mitigate its damages.

## NINTH AFFIRMATIVE DEFENSE

Defendant's Counterclaim is not grounded upon a reasonable factual basis and have been filed solely to multiply these proceedings in a vexatious, unwarranted and unreasonable manner. Plaintiff should therefore be entitled to recover his reasonable attorney's fees from Defendant and its counsel pursuant to Fed.R.Civ.P 11 and 28 U.S.C. § 1927.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff failed to plead fraud with particularity.

*WHEREFORE*, Plaintiff respectfully request that this Court dismiss Defendant's Counterclaim and award Plaintiff reasonable attorney's fees and costs expended litigating the Counterclaim.

DATED this 10th day of March, 2016.

Respectfully submitted,

*/s/Brandon J. Hill*
**BRANDON J. HILL**
Florida Bar Number: 37061
Direct No.: 813-337-7992
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Ave., Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: jriley@wfclaw.com
Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of March, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record, including:

R. Scott Callen, Esq.
Florida Bar No. 0146242
Primary: Scott.Callen@arlaw.com
Secondary: Lila@arlaw.com
ADAMS AND REESE LLP
2457 Care Drive
Tallahassee, Florida 32308

                                                          */s/Brandon J. Hill*
                                                          **BRANDON J. HILL**